## DENNIS AND SHAW vs. VAN VAY.

1. In a suit brought for services in tending a horse, the plaintiff offered in evidence a printed handbill, with the defendant's name printed at the bottom, giving notice that the services of the horse were offered to the public. *Held*, that the handbill was not competent evidence against the defendant, unless it was shown that he caused it to be printed, or authorized his name to be used in it, or sanctioned it afterwards.

2. In such case it is competent for the defendant to show that the plaintiff was to receive a part of the service money of the horse, as a compensation for his services in attending. him, and also to show, by his admissions, that he had received a portion of said service money.

3. If a printed or written paper is offered in evidence with the name of a party to the cause attached, and purporting to be signed by him or by his authority, it is competent for such party to show that such use of his name was not authorized or sanctioned by him.

*Certiorari* to Warren Pleas.

Argued before Justices OGDEN and HAINES.

The opinion of the court was delivered by

HAINES, J. This action was brought for the value of services rendered by the plaintiff below in attending a horse, and to maintain it, requires proof that the services were rendered at the request of the defendants below.

That Van Vay, the plaintiff below, did attend the horse, was not questioned; but whether he did so at the request, express or implied, of the defendants, Dennis and Shaw, was the principal point in dispute.

The credit due to the evidence, and its weight and effect are not for this court to consider; that must be left to the tribunal which is to determine the facts. We have only to examine whether the testimony received was legal and competent, and whether any such evidence was rejected to the prejudice of the defendants.

There was no proof of any express contract between

the parties. To show an implied contract, the plaintiff sought to prove that Dennis and Shaw were jointly interested in the services of the horse, and for this purpose, among other things, offered in evidence a printed handbill, giving notice that the services of the horse were offered to the public, and with the name George C. Shaw printed at the bottom of it.

There was no evidence that Shaw had caused the bill to be printed, or authorized his name to be used in it, nor that he ever saw it, or in anywise sanctioned it. For want of such authority, the defendants objected to it; but the Court of Common Pleas overruled the objection, and admitted the bill, and in this respect we think they erred.

What weight was given to the handbill we do not know, nor is it material to inquire. It was in evidence, and must be presumed to have been considered of some weight and to have had some influence. But without showing that Shaw had procured or authorized the bill to be printed, or that he sanctioned it afterwards, it was no more than a paper with the like notice written upon it by some other person without Shaw's authority. Had such a written notice in another's handwriting been offered, the court, without a moment's hesitation, would have overruled it, and not suffered the acts of third persons to prejudice a party who was a stranger to those acts. The fact of its being printed and posted up gave to it no additional weight or authority.

It further appeared, by the testimony of a witness offered by Van Vay, that the handbill was prepared by the witness in the absence of Shaw; and the defendants offered to show, by the same witness, the circumstances under which it was prepared, but the court overruled any evidence of explanation.

In receiving the handbill in evidence, the court must have acted upon the supposition that it was prepared by Shaw's authority, or sanctioned by him; hence any evidence tending to contradict the grounds of such supposi-

tion was competent, and should have been received. If they received the handbill, they should also have received the testimony of the circumstances under which it was prepared, and that might have overcome any presumption of Shaw's having authorized it. If the handbill could by any possibility have been competent, the evidence of the circumstances attending its preparation would tend to show what weight was due to it.

Again, in the defense, it was set up that Van Vay had an interest in the services of the horse that season; and there was testimony that he had claimed such an interest, and had so declared under oath on a trial between Dennis and some third person.

The defendants then offered to show that Van Vay had admitted that he had received a portion of the service money of the horse that season. The court rejected the evidence, and therein we think they erred again.

If there was testimony that Van Vay claimed an interest in the services, evidence that he received money as a part of such service, would tend greatly to corroborate that testimony; and if it could be shown that he had an interest in the services of the horse, it would go to rebut a presumption that he was entitled to full wages for attending it.

The judgment must be reversed, and the record remitted to the Court of Common Pleas, to be proceeded on according to law.